IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM RUSSELL; et al.                                                                PLAINTIFFS

vs.                                                                                 No. 4:03CV230-D-B

N.L. INDUSTRIES, INC.; et al.                                                          DEFENDANTS

<u>OPINION GRANTING MOTION FOR SUMMARY JUDGMENT</u>

Presently before the court is the Defendants' motion for summary judgment as to the Plaintiffs' remaining claims. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiffs in this action, who are painters by trade, filed this action in the Circuit Court of Leflore County, Mississippi, on December 30, 2002, alleging various causes of action arising out of their use of lead-containing paints manufactured or distributed by the Defendants. The Plaintiffs claim that the lead-containing paints caused them to suffer various injuries, including cancer. The Defendants removed the action to this court on April 30, 2003, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs subsequently motioned the court to remand this matter to state court, but later withdrew their motion to remand and dismissed the sole non-diverse Defendant. The remaining Defendants have now filed the presently pending motion for summary judgment, seeking judgment as a matter of law on the Plaintiffs' remaining claims.

The Defendants seek summary judgment based on the fact that the Plaintiffs, while designating expert witnesses to provide the medical testimony necessary to establish their claims, have failed to provide those experts' reports, despite having received a month long extension of time

to do so.[1]  The Plaintiffs admit that these reports are "essential to [the] survival" of their claims and that their failure to produce them amounts to "a dismissal of the claims."

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp., 477 U.S. at 324.  That burden is not discharged by mere allegations or denials.  Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322.  Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier

---

[1] The parties originally agreed that the Plaintiffs would make the appropriate expert designations *and* produce the experts' reports on medical causation by July 30, 2004; the parties subsequently agreed to extend that deadline to August 30, 2004.  While the Plaintiffs did designate three medical experts before the expiration of that deadline, they have never provided the experts' reports to the court or the Defendants.

2

of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C. Discussion

While the Plaintiffs now suggest that the mere act of designating their medical causation experts, without more, is sufficient to place the Defendants on notice that the experts will testify in a manner sufficient to establish the Plaintiffs' claims, the Fifth Circuit has held otherwise. The Fifth Circuit has held that any proffered expert testimony that is not accompanied by a properly and timely submitted expert report may be stricken. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320,324 (5th Cir. 1998) (affirming order striking testimony of expert witness because designation of witness was not accompanied by expert's report); Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546, 570-71 (5th Cir. 1996). The Plaintiffs were apparently aware that their failure to provide expert reports would be fatal to their claims - on August 30, 2004, the agreed-upon deadline for submission of the reports, the Plaintiffs filed a second motion for additional time to submit the reports, stating that the reports are "essential to [the] survival" of their claims and that their failure to produce them amounts to "a dismissal of the claims." The Magistrate Judge denied the Plaintiffs' motion, and this court upheld his ruling on appeal. Thus, no expert reports have been provided.

As for the notion that the Plaintiffs' claims can survive summary judgment without any medical causation testimony, it is clear that toxic tort claims such as those presented in this case must be supported by expert testimony. See Campbell v. McMillin, 83 F. Supp. 2d 761, 766 (S.D. Miss. 2000) (holding that "in all but simple and routine cases . . . it is necessary to establish medical causation by expert testimony"); Allen v. Pennsylvania Eng'g Corp., 102 F.3d 194, 199 (5th Cir.

3

1996); Cole v. Superior Coach Corp., 106 So. 2d 71, 72 (Miss. 1958). Because the Plaintiffs have failed to present such testimony, the court is constrained to find that summary judgment is appropriate in this case - no genuine issue of material fact remains and the Defendants are entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 6th day of May 2005.

/s/ Glen H. Davidson
Chief Judge